**E-Filed 5/12/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TCGIVEGA INFORMATION TECHNOLOGIES PVT, LTD., <br><br> Plaintiff, <br><br> v. <br><br> KARNA GLOBAL TECHNOLOGIES, INC., et al., <br><br> Defendants. | Case Number C 05-05222 JF (HRL) <br><br> ORDER[1] (1) GRANTING MOTION TO SET ASIDE THE ENTRY OF DEFAULT, AND (2) DENYING CROSS-MOTION FOR DEFAULT JUDGMENT <br><br> [re: docket nos. 23, 30] |

On March 16, 2006, Defendants Jnana R. Dash ("Dash") and Gregory D. Hawkins ("Hawkins") filed a motion to set aside the default entered as to them on February 27, 2006. On April 7, 2006, Plaintiff TCGIvega Information Technologies PVT, LTD. ("TCGIvega") filed a cross-motion for default judgment. Both motions are opposed. The Court heard oral argument on May 12, 2006. For the reasons set forth below, the motion to set aside the entry of default will be granted and the cross-motion for default judgment will be denied.

---

[1] This disposition is not designated for publication and may not be cited.

## I. BACKGROUND

On December 16, 2005, TCGIvega filed a complaint against Defendants Karna Global Technologies, Inc. ("Karna"), Kannan R. Ayyar ("Ayyar"), Dash, and Hawkins, alleging six claims for relief. TCGIvega alleges that Karna and Ayyar breached their contractual obligation to pay $312,000 for services performed by TCGIvega. It is further alleged that Ayyar, a director and officer of Karna, commingled his personal funds with those of the corporation such that there was a unity of interest and ownership between Ayyar and Karna. The only claim alleged against Dash and Hawkins, non-officer directors of Karna, is a claim for breach of fiduciary duty.

On January 20, 2006, Karna and Ayyar filed an answer to the complaint. On February 24, 2006, TCGIvega filed a motion for entry of default against Dash and Hawkins, who had not then and have not yet filed an answer to the complaint. On February 27, 2006, the Clerk of the Court entered default as to these defendants, and on March 3, 2006, TCGIvega moved for default judgment. Dash and Hawkins now move to set aside the default entered against them, and TCGIvega cross-moves for entry of default judgment against these defendants. Dash and Hawkins argue that they were not served properly with the complaint, that excusable neglect caused the delay in filing an answer, that they have a meritorious defense and are prepared to litigate the instant action on the merits, and that this Court does not have personal jurisdiction over Hawkins.

On December 22, 2005, TCGIvega served Dash and Hawkins by substituted service, by leaving summons and a copy of the complaint with Wendy Nguyen, "account assistant and person in charge," at the business address of Karna: 2025 Gateway Place, Ste 200, San Jose, CA 95110. Certification of Michael W. Stebbins in Support of Request for Entry of Default Against Defendants Jnana R. Dash a/k/a Jnan Dash and Gregory D. Hawkins ("Stebbins Cert.")., Exs. A, B. Michael W. Stebbins ("Stebbins"), an attorney for TCGIvega, has stated that, in early February, 2006, he learned from the counsel for Karna and Ayyar "that Dash and Hawkins would be retaining separate counsel shortly," and, accordingly, "plaintiff gave Dash and Hawkins additional time to respond to the Complaint." *Id*., ¶ 6. Stebbins has stated that he was contacted

2

Case No. C 05-05222 JF (HRL)
ORDER (1) GRANTING MOTION TO SET ASIDE THE ENTRY OF DEFAULT, AND (2) DENYING CROSS-MOTION FOR DEFAULT JUDGMENT
(JFLC1)

on February 10, 2006 by attorney Mark Isola ("Isola") of the law firm Rehon & Roberts, "who indicated that he 'was about to be retained' by Dash and Hawkins, and who sought additional time in which to respond to the Complaint." *Id*., ¶ 7.  Stebbins extended the deadline to answer until February 13, 2006.  *Id*.  However, on February 13, 2006, Isola requested additional time to respond to the complaint "based on problems they were having finalizing the retention of his firm."  *Id*., ¶ 8.  On February 14, 2006, Stebbins received the following e-mail from Isola:

> Thanks for all of your courtesies on this matter.  At this point, it does not appear that I will be retained.  I have informed Messrs. Dash and Hawkins that you had provided an extension through today so I would request that you continue to respect that deadline; after today, you are free to take whatever action you need to take.

*Id*., ¶ 9, Ex. C.

Neither Dash nor Hawkins, who are both outside directors of Karna, has as his principal place of business the Karna office at 2025 Gateway Place.  Declaration of Jnana R. Dash in Support of Motion to Set Aside Default (FRCP 55(c)) ("First Dash Decl.), ¶¶ 5, 6; Declaration of Gregory D. Hawkins in Support of Motion to Set Aside Default (FRCP 55(c)) ("First Hawkins Decl.), ¶ 5.  Dash is self-employed and his residence and principal place of business, which are both the same, is in San Jose, California.  First Dash Decl., ¶ 5.  The last time that Dash was physically present at Karna office at 2025 Gateway Place was during the summer of 2005.  *Id*., ¶ 6.  Hawkins is and has been a resident of New Rochelle, New York for more than fifteen years.  First Hawkins Decl., ¶ 5.  His residence in New Rochelle, New York is also his principal place of business.  *Id*.  Dash and Hawkins have both stated that they did not receive the summons and complaints left at and mailed to them at 2025 Gateway Place.  First Dash Decl., ¶ 7; First Hawkins Decl., ¶ 6.

Dash and Hawkins have also stated that they first learned of the instant case during telephone conversations each had with Ayyar during the week of February 13, 2006, in which Ayyar told them each that he would retain counsel to represent their interests along with those of other defendants.  First Dash Decl., ¶ 8; First Hawkins Decl., ¶ 7.  On February 27, 2006, Dash and Hawkins both learned that Karna had retained a law firm that would be unable to represent

3

Dash and Hawkins due to a potential conflict, that no answer had been filed for either Dash or Hawkins, and that default had been entered against them. First Dash Decl., ¶ 9; First Hawkins Decl., ¶ 9. Hawkins and Dash both retained The Chugh Firm, APC on February 28, 2006. Additionally, Dash and Hawkins both have stated that they had not heard of or communicated with Isola or the Law Offices of Rehon & Roberts prior to the entry of default.[2] Declaration of Jnana R. Dash in Support of Reply to Opposition to Motion to Set Aside Default and in Support of Opposition to Default Judgment (FRCP 55(c)) ("Second Dash Decl."), ¶ 3; Declaration of Gregory D. Hawkins in Support of Reply to Opposition to Motion to Set Aside Default and in Support of Opposition to Default Judgment (FRCP 55(c)) ("Second Hawkins Decl."), ¶ 4.

Johnny V. Phan ("Phan"), an attorney with The Chugh Firm, APC, has stated that he contacted Stebbins on February 27, 2006 and requested that he stipulate to set aside the default. Declaration of Johnny V. Phan in Support of Motion to Set Aside Default (FRCP 55(c)) ("Phan Decl.), ¶ 11. Stebbins directed Phan to contact Michael T. Conway ("Conway"), another attorney representing TCGIvega. *Id*. However, despite several messages from Phan and Phan's assistant, Conway did not respond. *Id*. On March 1, 2006, Phan sent a letter to Stebbins and Conway with a proposed stipulation to set aside the default. *Id*., ¶ 12, Ex. 8. On March 3, 2006, Phan sent an e-mail to Stebbins and Conway in which he requested a response by March 6, 2006. Id., ¶ 13. Phan received no response to the letter or the e-mail. *Id*., ¶¶ 12, 13.

On Friday, March 3, 2006, TCGIvega filed a motion for default judgment against Dash and Hawkins. On Monday, March 6, 2006, Phan learned that this motion was filed, and on March 8, 2006 filed an ex parte application for an order shortening time for the Court to hear defendants' motion to set aside the default. *Id*., ¶¶ 14, 15. However, at that time the instant action was before Magistrate Judge Lloyd, but the parties had not consented to proceed before a magistrate judge. On March 10 and 13, 2006, all four defendants filed consents to proceed

---

[2] Dash had not heard of the Law Offices of Rehon & Roberts prior to February 27, 2006. Second Dash Decl., ¶ 3. Hawkins had not heard of this law office until after March 1, 2006. Second Hawkins Decl., ¶ 4.

4
Case No. C 05-05222 JF (HRL)
ORDER (1) GRANTING MOTION TO SET ASIDE THE ENTRY OF DEFAULT, AND (2) DENYING CROSS-MOTION FOR DEFAULT JUDGMENT
(JFLC1)

before a magistrate judge. On March 14, 2006, TCGIvega filed a declination to proceed before a magistrate judge, and the instant action was reassigned to this Court on March 15, 2006. On March 16, 2006, the instant motion to set aside the entry of default was filed.

## II. DISCUSSION

This Court has broad discretion in determining whether to set aside an entry of default pursuant to Federal Rule of Civil Procedure 55(c). *See, e.g.*, *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945 (9th Cir. 1986) ("The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment."); *Brady v. U.S.*, 211 F.3d 499, 504 (9th Cir. 2000); Fed. R. Civ. P. 55(c) ("For good cause shown the court may set aside an entry of default."). The factors that are evaluated in a determination of "good cause" with respect to entry of default are the same as those that apply to default judgment : (1) "whether the defendant's culpable conduct led to the default," (2) "whether the defendant has a meritorious defense," and (3) "whether reopening the default judgment would prejudice the plaintiff." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001); *see also Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004). These grounds "are liberally interpreted when used on a motion for relief from an entry of default." *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).

   *a. Culpability of defendants*

Defendants Dash and Hawkins have presented evidence supporting a conclusion that they did not engage in culpable conduct that led to the default. While the e-mail from Isola indicating that he had informed Dash and Hawkins of the time by which they were required to submit an answer can be interpreted as showing that Dash and Hawkins did in fact bear some culpability, this e-mail is not conclusive proof of culpability. The speed and diligence with which Dash and Hawkins, and Phan on their behalf, have sought the set aside of the entry of default lends credibility to the position of Dash and Hawkins that they were unaware that they were at risk of

5

Case No. C 05-05222 JF (HRL)
ORDER (1) GRANTING MOTION TO SET ASIDE THE ENTRY OF DEFAULT, AND (2) DENYING CROSS-MOTION FOR DEFAULT JUDGMENT
(JFLC1)

default prior to the entry of default.

Moreover, TCGIvega did not serve Dash or Hawkins at their offices, but instead served them at the corporate office of Karna. Citing no case law for this position, TCGIvega argues that "the principal office of a company is, by definition, the 'office' of a director for the purpose of substitute service under California Code of Civil Procedure § 415.20." However, the Court does not read this "definition" into the statute:

> (a) In lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section 416.10, 416.20, 416.30, 416.40, or 416.50, a summons may be served by leaving a copy of the summons and complaint during usual office hours *in his or her office* or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first- class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Civ. Proc. Code § 415.20(a) (emphasis added).

### b. Meritorious Defense

While "[a] defendant seeking to vacate a default judgment must present specific facts that would constitute a defense," this burden "is not extraordinarily heavy." *TCI Group Life Ins. Plan*, 244 F.3d at 700 (citing *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir.1969); *In re Stone*, 588 F.2d 1316, 1319 n. 2 (10th Cir.1978)). Dash and Hawkins "need only demonstrate facts or law showing the trial court that 'a sufficient defense is assertable.'" *Id*. (citing *In re Stone*, 588 F.2d at 1319 n. 2).

Dash and Hawkins have submitted an answer that they will file if the entry of default is set aside, which asserts eight affirmative defenses: (1) Dash and Hawkins are entitled to indemnification from all persons or entities whose negligence or fault proximately caused the alleged loss; (2) that TCGIvega failed to use reasonable care to minimize and mitigate the losses; (3) the complaint does not set forth a claim for relief against Dash and Hawkins; (4) any services provided by TCGIvega were substandard; (5) TCGIvega assumed the risk of injury; (6) the

alleged damages, if any, proximately were caused by persons or entities other than Dash and Hawkins; (7) there was not justifiable reliance by TCGIvega; and (8) Dash and Hawkins do not owe any fiduciary duty to TCGIvega. Phan Decl., Ex. 4.

TCGIvega's argument that Dash and Hawkins effectively have conceded liability by stating that they have not been involved in the daily management of Karna is not persuasive. Even assuming *arguendo* that TCGIvega were able to establish that Dash and Hawkins neglected their duties as directors—which the Court is not presently in a position to determine—this is only one aspect of the claim against Dash and Hawkins. For example, Karna and Ayyar have filed an answer in which they assert two affirmative defenses: (1) that TCGIvega's complaint fails to state a claim, and (2) that any services provided were substandard. While the Court is not presently in a position to determine the merit of these arguments, it is highly unlikely that TCGIvega will be able to prevail on its claims against Dash and Hawkins without also establishing the liability of Karna and Ayyar. Accordingly, concluding both that the factual record presently before the Court does not establish clearly that Dash and Hawkins owed or breached any duty to TCGIvega and that the issue of liability on the part of Karna and Ayyar has not yet been determined, the Court concludes that Dash and Hawkins have demonstrated that they can assert a potentially meritorious defense.

### c. Prejudice to Plaintiff

The standard for establishing prejudice is "'whether [plaintiff's] ability to pursue his claim will be hindered." *TCI Group Life Ins. Plan*, 244 F.3d at 701 (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984)). TCGIvega argues that, if this Court sets aside the entry of default, it will be prejudiced because Dash and Hawkins will use the time during litigation to divest themselves of any assets that TCGIvega ultimately may be entitled to recover. The evidence suggests that one of the factors that has delayed this litigation is that TCGIvega was unwilling to communicate with counsel for Dash and Hawkins in late February and early March with respect to a possible stipulation to set aside the default. Additionally, and importantly, "[a] default

7

Case No. C 05-05222 JF (HRL)
ORDER (1) GRANTING MOTION TO SET ASIDE THE ENTRY OF DEFAULT, AND (2) DENYING CROSS-MOTION FOR DEFAULT JUDGMENT
(JFLC1)

judgment gives the plaintiff something of a windfall by sparing her from litigating the merits of her claim because of her opponent's failure to respond; vacating the default judgment merely restores the parties to an even footing in the litigation." *Id*. Accordingly, the Court concludes that TCGIvega will not be prejudiced if the entry of default is set aside.

### III. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that the motion to set aside the entry of default is GRANTED.

IT IS FURTHER ORDERED that, because the entry of default is set aside, the cross-motion for default judgment is DENIED.

DATED: May 12, 2006

_____
JEREMY FOGEL
United States District Judge

This Order has been served upon the following persons:

| | |
|---|---|
| Michael Terrance Conway | mconway@lpgk.com, mtclpgk@optonline.net |
| Stephanie Kain Ferrill | sferrill@murraylaw.com, |
| Robert A. Franklin | rfranklin@murraylaw.com, bobF_94303@yahoo.com |
| Cheryl A. Jordan | cajordan@murraylaw.com, cj_ma@hotmail.com |
| Johnny Vinh Phan | johnny@chugh.com, paul.phan@chugh.com |
| Michael W. Stebbins | mstebbins@terra-law.com, mgood@terra-law.com; jgiacalone@terra-law.com |

9

Case No. C 05-05222 JF (HRL)
ORDER (1) GRANTING MOTION TO SET ASIDE THE ENTRY OF DEFAULT, AND (2) DENYING CROSS-MOTION FOR DEFAULT JUDGMENT
(JFLC1)