**THE CHUGH FIRM, APC**
Inderpreet Sawhney (State Bar #186778)
Johnny V. Phan (State Bar #221395)
4800 Great America Parkway, Suite 310
Santa Clara, CA 95054
Telephone: (408) 970-0100
Facsimile: (408) 970-0200
johnny@chugh.com

**\*ORDER E-FILED ON 1/18/07\***

Attorneys for Defendants Jnana R. Dash, Gregory D. Hawkins, Karna Global Technologies, Inc., and Kannan R. Ayyar

**LAZARE POTTER GIACOVAS & KRANJAC LLP**
Jaipat Singh Jain (New York State Bar #3898533) (*pro hac vice*)
950 Third Avenue
New York, NY 10022
Telephone: (212) 758-9300
Facsimile: (212) 888-0919
jjain@lpgk.com

Attorneys for Plaintiff TCGIvega Technologies Pvt. Ltd.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| TCGIVEGA INFORMATION TECHNOLOGIES PVT. LTD., <br><br> Plaintiff, <br><br> v. <br><br> KARNA GLOBAL TECHNOLOGIES, INC.; KANNAN R. AYYAR; JNANA R. DASH AKA JNAN DASH; AND GREGORY D. HAWKINS, <br><br> Defendants. | CASE NO. CV-05-05222 JF/HRL <br><br> **STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION** <br><br> **(MODIFIED BY THE COURT)** |

/ / /

## STIPULATION

The parties, by and through their respective counsel, hereby stipulate and agree, and the courtcourt orders:

**Pursuant to Fed.R.Civ.P. 26(c),**

1. **Application.** This Protective Order ("Order") shall apply to all litigation material designated as "Confidential" by the party producing or presenting it during the course of this action, unless and until the Court determines that such litigation material shall not be so treated in accordance with the provisions of this Order. "Confidential" litigation material may be contained in information disclosed informally or formally during discovery or hearing or trial and may also be contained in any pleading, declaration, affidavit, brief, motion, transcript or other writing. Litigation material designated as "Confidential" shall be used solely for the purpose of preparing for and conducting this litigation, and shall not be disclosed in any manner, or used for any other purpose, without further order of the Court. However:

   a. Nothing herein shall prevent a party from disclosing or using any information or documents which the party designated itself and which are confidential only to that party itself;

   b. Acceptance or information designated pursuant to this Order shall not constitute an admission or acknowledgement that the material so designated is in fact Confidential; and;

   c. Nothing herein shall bar counsel from rendering advice to its client with respect to this action, provided that counsel does not disclose such information in a manner not specifically authorized below.

2. **Definitions.** The following definitions apply for the purposes of this Order:

   a. "Party" means and includes the named litigants, its directors, shareholders, officers, current employees or independent contractors, and individuals who were employees or independent contractors during the relevant time period who have personal knowledge of the matters that are the subject of this action;

   b. "Producing Party" is the Party on whose behalf litigation material is designated "Confidential."

c. "Counsel" is the counsel of record of any Party.

d. "Confidential" litigation material is any litigation material, or portions thereof, which is protectible "private" information under California's right to privacy, or which constitutes a Party's trade secret information within the meaning of the Uniform Trade Secrets Act, including California Civil Code Section 3426.1, and would be of economic benefit to a Party's competitor. The designation "Confidential" shall not apply to any information or any document that is publicly available or that the non-Producing Party has acquired through lawful means.

3. **Access re: "Confidential" Material**: Unless otherwise ordered by the court, Litigation material designated "Confidential," any copies thereof, and the information contained therein shall not be given, shown, made available or communicated in any way to anyone except:

a. The Court (including Clerks and other Court personnel);

b. Parties who have made a general appearance in this action and their Counsel, including the legal associates and clerical or other support staff who are employed by such counsel and are working under the express direction of such counsel;

c. Consultants and experts retained in connection with the action who comply with the provisions of Paragraph 4 below;

d. Court reporters or videographers who record deposition or other testimony in the litigation;

e. Any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof; and

f. Any other person to whom the Parties agree in writing.

4. **Expert Recipients:** Before any consultant or expert, retained by or on behalf of a Party for the purposes of this Action, is given access to litigation material designated "Confidential," the identity of that consultant or expert shall be disclosed to the Producing Party, along with a curriculum vitae or similar documents indicating the consultant or expert's work experience that is relevant to the subject matter of the action. Counsel for the Party who has retained the consultant or expert shall also respond to the Producing Party's reasonable requests for additional information about the consultant or expert. The Producing Party shall have ten calendar

STIP. AND ~~PROPOSED~~ PROT. ORDER GOVERNING CONFID. INFO.

1  days from the date of notice within which to object to the consultant or expert. The grounds for
2  such an objection shall either be a conflict of interest on the part of the consultant or expert or a
3  substantial risk that the consultant or expert will advertently or inadvertently use or disclose the
4  "Confidential" information. **If good faith meet-and-confer negotiations do not resolve the matter,** Any dispute over the merits of the objection will be resolved by the
5  Court. The objecting party will bear the burden of justifying the objection. Until such time as the
6  objection is withdrawn or overruled, no "Confidential" material shall be disclosed to the consultant
7  or expert. If no objection is made, or the objection is withdrawn or overruled, counsel retaining
8  the consultant or expert shall provide him or her with a copy of this Order. The consultant or
9  expert shall also execute the form attached hereto as Exhibit A. Counsel shall retain such written
10 statement until the conclusion of the litigation and shall provide it to opposing counsel upon
11 request.

12   5.   **Requirement of Good Faith:** The Producing Party may not designate information
13 or any document as "Confidential" unless that Party has a reasonably basis for believing that, in
14 fact, that information is "Confidential" as defined in this Order **and that protection is warranted under Fed.R.Civ.P. 26(c).**

15   6.   **Documentary Discovery:** A Producing Party or its Counsel may designate as
16 "Confidential" any documents or other tangible litigation material, including interrogatory
17 answers, by marking every such page "Confidential" as appropriate.

18   7.   **Depositions:** A Producing Party or its Counsel may designate depositions or other
19 testimony as "Confidential" by any one of the following means:

20   a.   Stating orally on the record, with reasonable precision as to the affected
21 testimony, on the day the testimony is given that this information is "Confidential"; or

22   b.   Sending to counsel for all other parties written notice designating, by page
23 and line, the portions of the transcript of the deposition or other testimony to be treated as
24 "Confidential" within five business days after receipt of the transcripts, during which period said
25 deposition or testimony shall be treated as "Confidential."

26   c.   The Producing Party may exclude from a deposition any person (other than
27 a Party) who is not qualified for access to the "Confidential" information. Any transcript or
28 portion thereof designated "Confidential" shall be bound separately and marked "Confidential,"

and may only be disclosed in the manner set forth, and to the persons designated, in this Order.

8. **Third-Party Discovery:** If any non-Party, having received a subpoena or compulsory process, wishes to utilize the protections set forth in this Order, such non-party may do so by acknowledging in writing that it is bound by the terms of this Order and by submitting to the jurisdiction of this Court for the purpose of enforcing this Order.

9. **Inadvertent Production:** The inadvertent production of any document or other disclosure of Confidential litigation material which the Producing Party contends is subject to this Order shall not necessarily be deemed a waiver in whole or in part of the claim of protection, either as to the specific document or the information disclosed. Promptly after the discovery of the inadvertent production, the Producing Party shall give notice to the receiving Party that documents or information have been inadvertently produced or disclosed and request that such documents or information be designated "Confidential." The receiving Party shall treat the inadvertently disclosed documents as "Confidential" as requested until such time as any dispute over a whether an inadvertent disclosure has occurred has been resolved. Any such dispute shall be resolved under Paragraph 12, below, and the Producing Party's inadvertent disclosure shall be a factor in determining whether any given designation is justified.

10. **Maintenance of Material:** The recipient of any "Confidential" litigation material that is provided pursuant to this Order shall maintain it in a secure and safe area and shall exercise due and proper care with respect to its storage, custody and use.

11. **Court Procedures:** If litigation material designated "Confidential," or quotations from or references to such material, are to be included in papers filed with, lodged, submitted or otherwise disclosed to the Court, or in argument to the Court, the parties shall follow the provisions of Civil Local Rule 79 *et seq.*

12. **Objection to Designation:** A Party may object to any designation under this Order at any time. If any Party objects to the designation of any litigation material as "Confidential," that Party shall first state the objection by letter to the Producing Party. The Parties agree to confer in good faith by telephone or in person to resolve any dispute respecting the terms or operation of this Order. If the Parties are unable to resolve such dispute, any Party may then move the Court for an

1 | order resolving the dispute. The Producing Party shall bear the burden of justifying the
2 | designation. Until the Court rules on such dispute, the litigation material in question shall
3 | continue to be treated as "Confidential" as designated.

4 |     13. **Modification of Order:** The Parties may modify the provisions of this Order at
5 | any time by written stipulation, so ordered by the Court. Moreover, by this Order, the Parties do
6 | not waive any right to object to any discovery request, or to the admission of evidence on any
7 | ground, or to seek any further protective order, or to seek relief from the Court from any provision
8 | of this Stipulation.

9 |     14. **Return of Materials:** **Except for materials filed with or submitted to the court,** Within thirty (30) days of the conclusion of this litigation,
10 | including any appeal(s) from a final judgment rendered by the Court, all litigation material
11 | designated "Confidential," and all copies or notes thereof, shall be returned to counsel for the Party
12 | who initially produced the litigation material, except that counsel may retain their work product
13 | and copies of court filings, trial or hearing transcripts and exhibits, provided such retained
14 | documents will continue to be treated as provided in this Order. In the alternative, counsel may
15 | shred or otherwise destroy all litigation material designated "Confidential," except for the above-
16 | noted work product, court filings, etc., and certify to the Producing Party in writing that such
17 | litigation material.

18 |     15. **Cumulative Remedies:** In the event anyone shall violate or threaten to violate any
19 | terms of this Order, the parties agree that the Producing Party may immediately apply to obtain
20 | injunctive relief against such other person or entity. Any and all other remedies available to a
21 | Party, including an order to show cause re contempt, are cumulative, and the application for one
22 | does not preclude the later application for any other remedy. In any dispute concerning the
23 | propriety of a designation under this Order that is ultimately decided by the court, the prevailing
24 | party ~~shall~~ **may, in the court's discretion,** be awarded reasonable fees and costs incurred in connection with the dispute.

25 |     16. **Survival:** This Order is intended to regulate the handling of "Confidential"
26 | information and documents during the pre-trial period of this action. After the conclusion of the
27 | action, the obligations and duties arising under this Order shall remain in effect and shall survive
28 | **For a period of six months after the conclusion of this litigation,** and continue to be binding until further order of the Court. This court shall retain jurisdiction over

6

STIP. AND [~~PROPOSED~~] PROT. ORDER GOVERNING CONFID. INFO.

the Parties and any other person who accepts being bound by the Order for the purpose of enforcing its terms.

IT IS SO STIPULATED.

Dated: January 11, 2007                    **THE CHUGH FIRM, APC**

By: _____
         Johnny V. Phan, Esq.

Attorneys for Defendants
JNANA R. DASH, GREGORY D. HAWKINS,
KARNA GLOBAL TECHNOLOGIES, INC., and
KANNAN R. AYYAR

Dated: January 11, 2007                    **LAZARE POTTER GIACOVAS & KRANJAC LLP**

By: _____
         Jaipat Singh Jain, Esq.

Attorneys for
TCGIVEGA INFORMATION TECHNOLOGIES
PVT. LTD.

## ORDER
**(as modified by the court),**

In accordance with the foregoing stipulation of the parties, and with good cause appearing therefor, the Court enters the Stipulation as an Order of the Court.

IT IS SO ORDERED.

Dated: _____January 18_, 2007

_____
MAGISTRATE JUDGE OF THE DISTRICT COURT
HOWARD R. LLOYD

## ATTACHMENT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Protective Order Governing Confidential Information ("Protective Order") that was issued in the case entitled TCGIvega Information Technologies Pvt. Ltd. v. Karna Global Technologies, Inc., et al, United States District Court, Northern District of California Case No. CV-05-05222-JF. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order. I further agree to submit to the jurisdiction of the United States District Court, Northern District of California, for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Executed this ___ day of _____ [print or type month], 200__ at _____ [print or type city and state].

Signature _____

_____
[print or type name]