**United States District Court**
For the Northern District of California

\*E-FILED:  6/20/2007\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TCGIVEGA INFORMATION TECHNOLOGIES PVT LTD., | No. C05-05222 JF (HRL) |
| Plaintiff, | **ORDER (1) GRANTING PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS; (2) DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER; AND (3) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SANCTIONS** |
| v. | |
| KARNA GLOBAL TECHNOLOGIES, INC.; KANNAN R. AYYAR, JNANA R. DASH AKA JNAN DASH; and GREGORY D. HAWKINS, | |
| Defendants. | [Re: Docket Nos. 69, 71, 87] |

This is a diversity action for alleged breach of contract, fraud and breach of fiduciary duty. Pursuant to Fed. R. Civ. P. 30 and 37, plaintiff TCGIVega Information Technologies now moves to compel the depositions of defendants Dash, Hawkins and Karna Global Technologies, Inc. ("Karna Global"). It also seeks monetary sanctions pursuant to Fed. R. Civ. P. 37(d). Defendants oppose those motions and request a protective order as to Hawkins' deposition. The parties' arguments made in support of and in opposition to their respective motions are essentially the same, and the court will treat all motions together in this order. Upon consideration of the moving and responding papers,[1] as well as the arguments presented at the

---

[1] Plaintiff asserted a host of evidentiary objections to various statements made in defense counsel's declarations and to defendants' submitted exhibits. Plaintiff's objections may be technically correct in several respects; however, as noted at the hearing, plaintiff's efforts appear to have been overkill given the relatively straightforward nature of the instant discovery dispute. Moreover, plaintiff has affirmatively cited to some of the very

1  June 19, 2007 hearing, this court (1) grants plaintiff's motion to compel; (2) denies defendants'
2  motion for protective order; and (3) grants in part and denies in part plaintiff's motion for
3  sanctions.

4  Plaintiff claims that, over the past several months, defendants have thwarted its efforts to
5  take their depositions by repeatedly and unilaterally canceling their depositions at the eleventh
6  hour, failing to cooperate in scheduling alternate deposition dates, and failing to designate
7  anyone to testify on Karna Global's behalf pursuant to a Fed. R. Civ. P. 30(b)(6) deposition
8  notice. Plaintiff requests an order compelling Dash and Hawkins to appear for deposition and
9  compelling Karna to designate the "person most knowledgeable" to testify on its behalf.
10 Plaintiff further contends that defendants' dilatory conduct warrants the imposition of monetary
11 sanctions.

12 Defendants do not oppose plaintiff's motion to compel Karna Global's deposition. But
13 they now take the position – apparently for the first time in their opposition papers – that
14 plaintiff should not be permitted to depose defendants Dash and Hawkins because these
15 defendants claim to have no knowledge of the matters at issue in the instant action. Dash and
16 Hawkins argue that, at most, they should only be required to answer written interrogatories.
17 However, defendants' cited cases, which concern situations where parties sought to depose a
18 defendant corporation through its non-party officers, are inapposite. Dash and Hawkins are
19 named defendants who are alleged to have breached their fiduciary duty, and plaintiff seeks to
20 depose them in their capacity as individuals. These defendants undoubtedly dispute the merits
21 of the claims being asserted against them. All the same, plaintiff is entitled to depose them and
22 to ascertain what they do (or do not) know. *See* FED. R. CIV. P. 30(a)(1). Moreover, defendants
23 have not convincingly demonstrated that plaintiff should be limited to deposing Dash and
24 Hawkins through written interrogatories. Accordingly, plaintiff's motion to compel will be
25 granted.

---

28 documents it contends were not properly authenticated. As such, this court has exercised its discretion and considered all of the papers submitted in connection with the instant discovery dispute. Plaintiff's motion to strike is denied.

2

1    Defendants nonetheless request that Hawkins' deposition take place in New York where
2 he lives and works.  Generally, a defendant is entitled to be deposed in the district in which he
3 resides.  *See Grey v. Continental Mktg. Assocs., Inc.*, 315 F. Supp. 826, 832 (N.D. Ga. 1970).
4 Even so, "[a] district court has wide discretion to establish the time and place of depositions."
5 *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994).  Here, defendants expressly agreed
6 that their depositions would proceed in California.  (*See* Mot. to Compel, Stebbins Decl., Exs.
7 M and N; Mot. for Protective Order, McGill Decl., Exs. 8 and 12).  Although defense counsel
8 now regret this agreement and claim that it was made "inadvertently," the record presented
9 demonstrates that the agreement was the result of their considered and deliberate decision made
10 in exchange for plaintiff's agreement to postpone defendants' depositions.  (*See id*).  Defendants
11 have not shown good cause to now compel Hawkins' deposition to proceed in New York.
12 Accordingly, their motion for protective order and to be relieved from their prior agreement will
13 be denied.

14    As for plaintiff's requested sanctions, "the court shall require the party failing to act or
15 the attorney advising that or party or both to pay the reasonable expenses, including attorney's
16 fees, caused by the failure unless the court finds that the failure was substantially justified or
17 that other circumstances make an award of expenses unjust."  FED.R.CIV.P. 37(d).  Here, there
18 is no serious dispute that defendants disregarded plaintiff's deposition notices, cancelled their
19 depositions at the last minute, and failed to provide alternate dates as promised.  However,
20 defendants argue that they had good cause for doing so in light of the parties' settlement
21 discussions and plaintiff's own alleged bad faith litigation tactics.  According to defendants,
22 plaintiff deceitfully lulled them into believing that they had an effective settlement, but then
23 later "ambushed" them by reneging on the agreement and stepping up the litigation.

24    However, the record presented indicates that, while the parties did engage in settlement
25 discussions, there never was an agreement on all terms.  (*See* Mot. for Protective Order, Chugh
26 Decl., Ex. 1; McGill Decl., Exs. 3 and 19; Jain Decl., Exs. A and B; Stebbins Decl., Ex. C).
27 Moreover, it does not appear that plaintiff misled defendants as to the status of their
28 negotiations or its intent to proceed with the instant litigation.  (*See* Mot. for Protective Order,

3

Chugh Decl., Ex. 1; Jain Decl., Ex. A).  At the same time, however, this court agrees that plaintiff's request for over $12,000 in fees and expenses is grossly excessive.  Plaintiff's motion for payment of its fees and expenses will be granted; however, the award will be limited to $1000.

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's motion to compel depositions is GRANTED.  **No later than June 29, 2007**, defendants shall (a) designate appropriate person(s) to testify on behalf of defendant Karna Global; and (b) provide dates certain for the depositions of defendants Karna Global, Dash and Hawkins.

2. Defendants' motion for protective order is DENIED.

3. Plaintiff's motion for sanctions is GRANTED IN PART AND DENIED IN PART.  **No later than June 29, 2007**, defendants shall pay to plaintiff reasonable fees and expenses in the amount of $1,000.

Dated:   June 20, 2007

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**5:05-cv-5222 Notice will be electronically mailed to:**

Jaipat Singh Jain jjain@lpgk.com

Antoinette McGill antoinette.mcgill@chugh.com, oscar.rivera@chugh.com; paul@chugh.com

Melinda Mae Morton mmorton@be-law.com, gsimmons@be-law.com

Michael W. Stebbins mstebbins@be-law.com, gsimmons@be-law.com; vross@be-law.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.