** E-Filed 07/30/2007 **

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| TCGIVEGA INFORMATION TECHNOLOGIES PVT, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>KARNA GLOBAL TECHNOLOGIES, INC.; KANNAN R. AYYAR; JNANA R. DASH AKA JNAN DASH; and GREGORY D. HAWKINS,<br><br>Defendants. | Case Number C 05-5222JF<br><br>ORDER[1] GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE A COUNTERCLAIM<br><br>[re: docket no. 82] |

## I. BACKGROUND

On December 16, 2005, Plaintiff TCGIvega Information Technologies PVT, LTD.
("TCGIvega") commenced the present action against Defendants Karna Global Technologies,
Inc. ("Karna"), Kannan R. Ayyar ("Ayyar"), Jnana R. Dash ("Dash"), and Gregory D. Hawkins
("Hawkins"), alleging six claims for relief.  TCGIvega alleges that Karna and Ayyar breached
their contractual obligation to pay $312,000 for services performed by TCGIvega.  Plaintiff
further alleges that Ayyar, a director and officer of Karna, commingled his personal funds with

---

[1] This disposition is not designated for publication and may not be cited.

1  those of the corporation such that there was a unity of interest and ownership between Ayyar and

2  Karna.  The only claim alleged against Dash and Hawkins, non-officer directors of Karna, is a

3  claim for breach of fiduciary duty.

4        Karna and Ayyar filed their answer on January 20, 2006.  The Court initially entered a

5  default against Dash and Hawkins, but the default was set aside on May 12, 2006.  Dash and

6  Hawkins answered the complaint on May 22, 2006.  The parties have twice attempted settlement,

7  first in August 2006, and then again in March 2007. The March settlement discussions resulted in

8  an draft settlement agreement that was never executed because of a subsequent disagreement

9  regarding the terms. On May 23, 2007, Plaintiffs moved to compel depositions and filed a motion

10  for sanctions, alleging that Defendants had thwarted Plaintiff's discovery efforts during the

11  preceding months.  Defendants claimed that they disregarded discovery orders because of the

12  pending settlement.  On June 20, 2007, Magistrate Judge Lloyd granted Plaintiff's motions to

13  compel depositions and for sanctions, finding that Defendants disregarded deposition notices

14  even after both parties knew that the settlement agreement would not be executed.

15        On March 31, 2007, Defendants filed the instant motion for leave to file a counterclaim

16  for breach of contract against TCGIvega.  The proposed pleading alleges that TCGIvega's poor

17  performance on behalf of Karna caused Karna to lose the Wellpoint project and a significant

18  amount of revenue.  Plaintiff opposes the motion.  The Court heard oral argument on July 27,

19  2007.  Upon consideration of the moving and responding papers,[2] as well as the arguments

20  presented, the motion will be granted.

21

22

23

24        [2] Plaintiff objects to and moves to strike the Declaration of Antoinette McGill in support
25  of Defendants' motion. Plaintiff contends that Ms. McGill, who joined the Chugh Firm in March
    2007, does not have the requisite personal knowledge to support the statements made in her
26  declaration. Plaintiff also contends that the declaration contains conclusory and argumentative
    statements. The Court agrees that Ms. McGill's repeated use of bold, underlined statements is
27  argumentative, and that many of her statements are conclusory. Ms. McGill subsequently has
    provided an additional declaration with respect to her personal knowledge of the case; however,
28  her original declaration has not been considered by the Court.

Case No. C05-5222
ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE A COUNTERCLAIM
(JFEX1)

## II.  LEGAL STANDARD

The standards governing a motion for leave to file a counterclaim pursuant to Federal Rule of Civil Procedure 13(f) are the same as those governing a motion for leave to amend a pleading under Rule 15(a).  *Magnesystems, Inc. v. Nikken, Inc.*, 933 F. Supp. 944, 947-48 (C.D. Cal. 1996); *Cooper Development Co. v. Employers Insurance of Wausau*, 765 F. Supp. 1429, 1431 (N.D. Cal. 1991).  Rule 15(a) provides that leave shall be freely given when justice so requires, thus the Court liberally will allow counterclaims to be filed, particularly compulsory counterclaims which later may be barred by the doctrine of *res judicata* if leave to file is denied. *Barnes Group, Inc. v. C&C Products, Inc.*, 716 F.2d 1023, 1035 n.35 (4th Cir. 1983); *Cooper*, 765 F. Supp. at 1432.  Accordingly, leave should be denied only where there is a showing of undue delay, bad faith, futility, or prejudice to the opposing party.  *Magnesystems*, 933 F. Supp. at 947-48; *Cooper*, 765 F. Supp. at 1431.

## III.  DISCUSSION

Defendants assert that their failure to file a counterclaim with their original answers was a result of inadvertence.  Rule 13(f) allows Defendants, with leave of the Court, to submit their counterclaim by amendment if they have failed to plead the counterclaim through oversight, inadvertence, excusable neglect, or whenever justice requires. Defendants contend that their attention and resources were focused upon responding to the motion for default judgment against them and their significant efforts at settlement.  The Court accepts Defendants' admission that their failure to include this counterclaim in their original pleadings was inadvertent and, therefore, will address the parties' arguments regarding undue delay and prejudice.

Plaintiffs correctly assert that a relevant factor in determining undue delay is whether the moving party knew or should have known when the original pleading was filed the facts and theories raised by the proposed amendment.  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990).  The answers filed by Dash and Hawkins assert TCGIvega's substandard work performance as an affirmative defense.  Thus, seemingly by their own admission, Defendants had the requisite knowledge of this theory in May 2006 to file a counterclaim with their answers. The Court agrees with Plaintiff that the intervening twelve-month delay appears to be undue.

Case No. C05-5222
ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE A COUNTERCLAIM
(JFEX1)

1  However, while undue delay is one factor to be considered, "it is the consideration of prejudice to

2  the opposing party that carries the greatest weight." *Eminence Capital, LLC* v. *Aspeon, Inc.,* 316

3  F.3d 1048, 1052 (9th Cir. 2003).

4        Defendants argue that their counterclaim is compulsory and will be barred as res judicata

5  if they are denied leave to file.  This prejudice must be weighed against the prejudice asserted by

6  Plaintiff.  *See Bell v. Allstate Life Insurance Co.*, 160 F. 3d 452, 454 (8th Cir. 1998).  Plaintiff

7  acknowledges that the counterclaim is compulsory, but asserts that the additional discovery

8  required as to the damages sought pursuant to the counterclaim would cause it great prejudice.[3]

9  However, Plaintiff concedes that a number of depositions already have occurred regarding the

10 affirmative defense that TCGIvega's work was substandard.  Defendants assert that three

11 additional individuals, whose depositions already have been scheduled, are the only other

12 witnesses with respect to the counterclaim.[4]  Under these circumstances, it appears that no

13 significant additional discovery will be required by the addition of the counterclaim.

14 Accordingly, Defendants' motion for leave will be granted.

### IV.  ORDER

16       Good cause therefor appearing, IT IS HEREBY ORDERED, Defendants' motion for

17 leave to file a counterclaim is GRANTED.

19 DATED: July 30, 2007

                                              JEREMY FOGEL
                                              United States District Judge

---

24     [3] The cut-off date for non-expert discovery and disclosure of expert witnesses is August
25 3, 2007, and the date to complete discovery is August 24, 2007.

26     [4] It is apparent that both parties already have explored the question of whether
27 TCGIvega's work was substandard through discovery that already has been completed.  Plaintiff
contends that this discovery shows that the proposed counterclaim is without merit.  By
28 permitting Defendants to file the counterclaim, the Court in no way intends to suggest that the
parties may avoid the effects of discovery that already has been completed.

1  This Order has been served upon the following persons:

2  Michael William Stebbins          mstebbins@be-law.com

3  Jaipat Singh Jain                 jjain@lpgk.com

4  Melinda Mae Morton                mmorton@be-law.com

5  Antoinette McGill                 antoinette.mcgill@chugh.com

6  Karna Global Technologies, Inc
   c/o Kannan Ayyar, President
7  2025 Gateway Place
   Suite 200
8  San Jose, CA 95110-1000

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5