**E-Filed 10/20/08**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| TCGIVEGA INFORMATION TECHNOLOGIES PVT. LTD., <br><br> Plaintiff, <br><br> v. <br><br> KARNA GLOBAL TECHNOLOGIES, INC.; KANNAN R. AYYAR; JNANA R. DASH, a/k/a JNAN DASH; and GREGORY D. HAWKINS, <br><br> Defendants. | Case Number C 05-5222 JF (HRL) <br><br> **ORDER[1] ON ORDER TO SHOW CAUSE** <br><br> Docket No. 161 |

Plaintiff TCGivega Technologies ("TCGivega") filed this action on December 16, 2005, seeking damages for breach of contract and fraud by Defendants Kannan Ayyar ("Ayyar") and his company Karna Global Technologies, Inc. ("Karna"). The parties settled the case on September 11, 2007, *see* Stebbins Decl., Doc. No. 167, Ex. A, ¶ 2, and Karna began making payments under a settlement agreement. However, when Karna defaulted after making only three payments, the Court entered a stipulated judgment in favor of TCGivega. *See* Stipulated Judgment, March 19,

---

[1] This disposition is not designated for publication in the official reports.

2008, Doc. No. 144.  On May 30, 2008, the Court ordered Ayyar and Karna to appear before it on August 5, 2008 for a judgment debtor examination. *See* Doc. Nos. 156 & 157.  This order was served personally upon Ayyar (for himself and Karna Global) on June 17, 2008.  However, Ayyar and Karna failed to appear for the judgment debtor examination as ordered.  Plaintiff then applied for an order to show cause re contempt.  Magistrate Judge Lloyd granted the request on August 26, 2008 and ordered Defendants to appear before this Court on October 17, 2008 to show cause why they should not be held in contempt for failure to comply with the order to appear for the judgment debtor examination. *See* Order Granting Motion for Order to Show Cause, Doc. No. 161.

Federal Rule of Civil Procedure 69 directs courts to the "procedure of the state where the court is located" for guidance as to the execution and enforcement of money judgments.  Fed. R. Civ. P. 69(a)(1)(2).  California law permits a court to hold a judgment debtor in contempt for failure to appear for a judgment debtor examination .  Cal. Code Civ. Proc.§ 708.170(a)(1) (providing for contempt or issuance of arrest warrant for failure to appear for a debtor's examination).  Such contempt may be punished by a fine of up to $1,000 and imprisonment for five days.  Cal. Code Civ. Proc. § 1218(a) (prescribing contempt sanctions).  The California contempt statute also authorizes an order directing the judgment debtor to pay the creditor's reasonable attorney's fees.  Cal. Code Civ. Proc. § 1218(a).  TCGivega requests that Ayyar and Karna be held in contempt, fined $1,000, and be ordered to pay attorney's fees in the amount of $3,600.

Defendant Ayyar filed a written response to the order to show cause, in which he stated the following:

> When I was served with the papers for [the debtor examination], I had received a number of other legal documents for this case that had been sent to me that I thought were being handled by my counsel of record, the CHUGH law firm.  I thought they would handle this one too and tell me what I needed to do.  Moreover, I understood that they were working to negotiate a payment plan with the Plaintiffs' attorney to satisfy the judgment in this case such that any further involvement in legal proceedings would be over.  As a result, I failed to appear.  I apologize to the Court and Plaintiff's counsel and will not let that happen again.  And I am in the process of replacing my current counsel of record so that my objective of seeking a resolution of this matter in a mutually acceptable manner is advanced.

2

Def.'s Response to Order to Show Cause, Doc. No. 165, at 1-2.

The Court accepts Ayyar's representations and accordingly will decline to hold him in contempt. However, the Court recognizes that TCGivega incurred legal expenses in connection with the delayed debtor examination and order to show cause, and that Ayyar and Karna are not without fault.[2] Accordingly, the Court will direct Ayyar to pay Plaintiff's fees in the amount of $825.[3]

**IT IS SO ORDERED.**

DATED: 10/20/08

                                              JEREMY FOGEL
                                              United States District Judge

---

[2] Ayyar previously failed to appear for a debtor examination in the case of *Intersoft Corporation v. Karna Global Technologies*, Santa Clara Superior Court Case No. 1-05-CV-054227, resulting in issuance of a bench warrant for his arrest on January 10, 2008. *See* Stebbins Decl. Ex. I, ¶ 16.

[3] This figure represents three hours at the $275/hour rate offered by Plaintiff at the show-cause hearing held on October 17, 2008.

Case No. C 05-5222 JF (HRL)
ORDER ON ORDER TO SHOW CAUSE
(JFLC3)

1  This Order has been served electronically upon the following persons:

2  Alexander Michael Weyand aweyand@pwmlaw.com, jenny@jonak.com

3  Antoinette McGill antoinette.mcgill@chugh.com, oscar.rivera@chugh.com, paul@chugh.com

4  Jaipat Singh Jain jjain@lpgk.com

5  Melinda Mae Morton mmorton@be-law.com, gsimmons@be-law.com

6  Michael William Stebbins mstebbins@be-law.com, vross@be-law.com

4

Case No. C 05-5222 JF (HRL)
ORDER ON ORDER TO SHOW CAUSE
(JFLC3)